IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re:

ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF SANTA FE, a New
Mexico Corporation,

    Debtor,

ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF SANTA FE, a New
Mexico Corporation,

    Plaintiff,

v.

GREAT AMERICAN INSURANCE
COMPANY; ARROWOOD INDEMNITY
COMPANY, formerly known as Royal
Indemnity Company, successor by merger to
Royal Insurance Company of America; ST.
PAUL FIRE AND MARINE INSURANCE
COMPANY, as itself and as successor to or
Assignee of St. Paul Mercury Insurance
Company and St. Paul Mercury Indemnity
Company; and UNITED STATES FIRE
INSURANCE COMPANY,

    Defendants,

AND

In re:

ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF SANTA FE, a New
Mexico Corporation,

    Debtor,

ROMAN CATHOLIC CHURCH OF THE

Chapter 11

Case No. 18-13027-t11

Adversary Proceeding No: 18-13027-t11

No. 21-cv-0975 KG/GJF

Chapter 11

Case No. 18-13027-t11

1

| | |
|---|---|
| ARCHDIOCESE OF SANTA FE, a New Mexico Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY; ARROWOOD INDEMNITY COMPANY, formerly known as Royal Indemnity Company, successor by merger to Royal Insurance Company of America; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, as itself and as successor to or Assignee of St. Paul Mercury Insurance Company and St. Paul Mercury Indemnity Company; and UNITED STATES FIRE INSURANCE COMPANY,<br><br>    Defendants. | Adversary Proceeding No: 22-01005-t<br><br>No. 22-cv-0156 MV/KK |

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on the Notice of Related Case ("Notice") filed by Defendant Arrowood Indemnity Company (Arrowood) in both cases: 21cv0975 (Doc. 19) and 22cv0156 (Doc. 5). Having reviewed the Notice and the other filings in these matters, and having reviewed the relevant law, the Court finds that it is proper to consolidate these cases into the first filed proceeding, namely, 21-cv-0975 KG/GJF ("First Case").

On December 3, 2018, Plaintiff Roman Catholic Church of the Archdiocese of Santa Fe commenced a bankruptcy proceeding before the United States Bankruptcy Court for the District of New Mexico, Case No. 18-13027-t11, by filing a petition for relief (the "Bankruptcy Proceeding"). During the Bankruptcy Proceeding, Plaintiff filed a motion to compel arbitration ("Motion to Compel"). Bankruptcy Proceeding Doc. 795. In response to the Motion to Compel, Arrowood filed its Motion to Withdraw the General Order of Reference to Remove Certain

2

Matters Pending in the U.S. Bankruptcy Court for the District of New Mexico to the U.S. District Court for the District of New Mexico. The First Motion to Withdraw caused the commencement, in this Court, of the First case, No. 21-cv-0975 KG/GJF. (Doc. 19) at ¶ 4) (First case); (Doc. 5) at ¶ 4 (filed in 22-cv-0156 ("Second Case")).

Thereafter, on March 1, 2022, Arrowood commenced the Second Case in this Court by filing its Motion to Withdraw the General Order of Reference and to Remove the Adversary Proceeding Pending in the U.S. Bankruptcy court for the District of New Mexico to the U.S. District Court for the District of New Mexico. (Doc. 1) (Second Case). In the Notice, Arrowood advises the Court that "[t]he parties to the Related Proceeding are the same and there may be factual and legal overlaps between this proceeding and the Related Proceeding." (Doc. 5) at ¶ 5 (Second Case); (Doc. 19) at ¶ 8 (First Case).

Under Rule 42 of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In deciding whether to consolidate, "the court should initially consider whether the cases to be consolidated involve a common question of law or fact." *Payne v. Tri-State Careflight, LLC,* 327 F.R.D. 433, 449–50 (D.N.M. 2018). "If there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *Id.* "The Court has broad discretion in determining whether to consolidate cases." *Id.* "Consolidation is a question of convenience and economy in judicial administration, and the court is given broad discretion to decide whether consolidation under Rule 42(a) would be desirable." *Id.*

Here, both the First Case and the Second Case involve the same parties and arise from the same Bankruptcy Proceeding. In both cases, Arrowood seeks the same relief, namely, the withdrawal of the general order of reference and to remove matters pending before the Bankruptcy Court to this Court. Arrowood has represented to the Court that both the facts and legal issues presented in each proceeding may overlap. Accordingly, the Court is inclined, in the interest of convenience and economy in judicial administration, and in the absence of any likely delay, confusion, or prejudice, to exercise its discretion to consolidate these cases into the First Case.

**IT IS THEREFORE ORDERED** that the parties show cause, in writing, no later than March 21, 2022, why these cases should not be consolidated into the First Case. Failure to show cause, in writing, will be considered consent to consolidate these cases.

_____
UNITED STATES DISTRICT JUDGE